**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JAMES D. BUCHANAN, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 18-CV-171-RAW |
| | ) | |
| TURN KEY HEALTH CLINICS, LLC, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **PLAINTIFF'S DISPUTED PROPOSED JURY INSTRUCTIONS**

Respectfully submitted,

/s/Robert M. Blakemore
Daniel Smolen, OBA #19943
Robert M. Blakemore, OBA #18656
Bryon D. Helm, OBA #33003
Smolen & Roytman
701 South Cincinnati Avenue
Tulsa, OK 74119
Phone: (918) 585-2667
Fax: (918) 585-2669
Email: dansmolen@ssrok.com
Email: bobblakemore@ssrok.com
Email: bryonhelm@ssrok.com

***Attorneys for Plaintiff***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 11th day of October 2019, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have appeared in this case.

/s/ Robert M. Blakemore

## INSTRUCTION NO. ___

## STATEMENT OF THE CASE

As I informed you before you were seated as jurors in this case, the parties in this case are the Plaintiff James Douglass Buchanan and the Defendants Rob Frazier, in his official capacity as Muskogee County Sheriff, Turn Key Health Clinics, LLC, William Cooper, D.O. and Katie McCullar, LPN.

Mr. Frazier is the current Sheriff of Muskogee County, and he is sued in his official capacity, that is, as a representative of Muskogee County. The Muskogee County Sheriff's Office operates the Muskogee County Jail. During all pertinent times, Muskogee County was under contract with Turn Key to provide medical staffing and services at the Jail. Dr. Cooper and Nurse McCullar were employees of Turn Key.  Plaintiff further alleges that the Turn Key medical staff at the Jail, including Dr. Cooper, Nurse McCullar and Rosemary Kotas, LPN, were subordinates of the Muskogee County Sheriff's Office.

Mr. Buchanan was at the Muskogee County Jail from November 3, 2016 through November 14, 2016. Plaintiff brings this case pursuant to Section 1983 of the Civil Rights Act, alleging that the Defendants violated his rights under the Fourteenth and/or Eighth Amendments to the United States Constitution. Plaintiff specifically alleges that detention and medical staff at the Jail, including Dr. Cooper, Nurse McCullar and Nurse Kotas, were deliberately indifferent to his serious medical needs. Plaintiff alleges that the Muskogee County Sheriff's Office and Turn Key were responsible for policies or customs that were a moving force behind his injuries. Plaintiff also brings a negligence claim against Turn Key under Oklahoma law.

Plaintiff seeks damages. Defendants dispute and deny the Plaintiff's allegations and specifically deny that his Constitutional rights were violated.

## INSTRUCTION NO. ___

## EVALUATION OF WITNESS TESTIMONY

CREDIBILITY OF WITNESSES

While you must consider all of the evidence, this does not mean that you must accept all of the evidence as true or accurate or give all the evidence the same weight. You are the sole judges of the credibility or believability of each witness and the weight to be given to each witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case.

You should think about the testimony of each witness you have heard and decide whether you believe all, or any part, or none of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you consider the opportunity each witness had to see or hear the things testified about, a witness's memory and intelligence, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, the extent to which the testimony is consistent with any evidence that you believe, any motive a witness may have for testifying a certain way, including any bias, prejudice, or interest, and any other facts that you find to have affected the believability of the witness.

In reaching a conclusion on a particular point, or ultimately reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

LAW ENFORCEMENT AND STATE OFFICER WITNESSES

You have heard the testimony of current and former law enforcement and/or State officers. The fact that a witness may be employed as a law enforcement or State officer does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of any other witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of any law enforcement or State officer witness and to give to that testimony whatever weight, if any, you find it deserves.

IMPEACHMENT BY PRIOR CONVICTION

The testimony of a witness may be discredited or impeached by showing that the witness previously has been convicted of a felony or of a crime of dishonesty or false statement. A prior conviction does not mean that a witness is not qualified to testify but is merely one circumstance that you may consider in determining the credibility of the witness. You may decide how much weight to give any prior conviction that was used to impeach a witness.

<u>Authority</u>: Based upon jury instructions approved by the court in *Burke v. Glanz,* Case No. 11-CV-0720-JED-PJC (N.D.Okla.) (Dkt. #495).

## INSTRUCTION NO. ___

## 42 U.S.C. § 1983 − CIVIL RIGHTS STATUTE

Plaintiff brings claims under a federal civil rights statute, Title 42 of the United States Code, Section 1983.

That statute provides a remedy for individuals who have been deprived of their constitutional rights by officials acting under color of state law. The policies underlying § 1983 include compensation of persons injured by deprivation of federal rights and prevention of abuses of power by those acting under color of state law.

Plaintiff claims that subordinates of the Muskogee County Sheriffs Office, including detention staff and medical staff employed by Turn Key Health Clinics, LLC, violated the Eighth and/or Fourteenth Amendments to the United States Constitution by deliberate indifference to his serious medical needs. Plaintiff alleges that Defendants Turn Key and Sheriff Frazier, in his official capacity,  are liable because they were responsible for policies, practices, and customs that proximately caused, or were the moving force behind, the deprivation of Plaintiff's Constitutional rights.

The statute **-** Section 1983 **-** provides in relevant part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

<u>Authority</u>: Based upon jury instructions approved by the court in *Burke v. Glanz,* Case No. 11-CV-0720-JED-PJC (N.D.Okla.) (Dkt. #495).

## INSTRUCTION NO. ___

## 42 U.S.C. § 1983 − ACTION UNDER COLOR OF STATE LAW

In order for conduct to be actionable under § 1983, such conduct must be done "under color of state law".  The phrase "under color of state law" is a shorthand reference to the words of section 1983, which includes within its scope, action taken under color of any statute, ordinance, regulation, custom or usage, of any state.  The term "state" encompasses any political subdivision of a state, such as a county, and also any state agencies or a county agency.

Action "under color of state law" means action that is made possible only because the actor is clothed with the authority of the state.  It is well-established that when private individuals or groups, like Turn Key and its employees, are endowed by the state with powers or functions governmental in nature, they become agencies or instrumentalities of the state and subject to its constitutional limitations. Where a corporate defendant, like Turn Key and its employees, acts for the government in carrying out a government program in accordance with government regulations, the corporate defendant is a person acting under color of state law.

<u>Authority:</u>        *Evans v. Newton,* 382 U.S. 296, 299 (1966); *Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1216, n. 13 (10th Cir. 2003); *West v. Atkins,* 487 U.S. 42, 57 (1988)

**INSTRUCTION NO. ___**

## 42 U.S.C. § 1983 – CONSTITUTIONAL DEPRIVATION - GENERAL

Plaintiff alleges that his Constitutional right to be free from deliberate indifference to his serious medical needs was violated. The Eighth Amendment to the United States Constitution provides inmates with a right to be free from cruel and unusual punishment. The Constitution's prohibition of cruel and unusual punishment imposes a duty on corrections officials to provide humane conditions of confinement, including adequate food, water, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm. Under the Fourteenth Amendment Due Process Clause, pretrial detainees, like Mr. Buchanan, are entitled to the same degree of Constitutional protection as applies to convicted inmates under the Eighth Amendment.

An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. Deliberate indifference to an inmate's serious medical needs is prohibited by the Constitution, whether the indifference is manifested by correctional medical staff in their response to the inmate's needs or by detention staff in denying or delaying access to medical care.

Negligence, even that constituting medical malpractice, is not a sufficient basis to impose liability for a Constitutional violation. In order to establish a Constitutional claim, the Plaintiff must prove acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Authority: Based upon jury instructions approved by the court in *Burke v. Glanz,* Case No. 11-CV-0720-JED-PJC (N.D.Okla.) (Dkt. #495); *see also Estelle v. Gamble,* 429 U.S. 97 (1976); *Farmer v. Brennan,* 511 U.S. 825, 832 (1994); *Tafoya v. Salazar,* 516 F.3d 912, 916 (10th Cir. 2008), *Bell v. Wolfish,* 441 U.S. 520, 535, n. 16, 545 (1979)

INSTRUCTION NO. ___

**42 U.S.C. § 1983 − UNDERLYING CONSTITUTIONAL VIOLATION --
GENERALLY**

Plaintiff's claims against Muskogee County (through his official capacity claim against Sheriff Rob Frazier) and Turn Key are based upon principles of municipal liability. A governmental entity like Muskogee County, or corporation acting under color of State law like Turn Key, may not typically be held liable without proof of an underlying constitutional violation by a subordinate official. Thus, in order to hold Sheriff Frazier liable in his official capacity, Plaintiff must first prove an "underlying" violation of his Constitutional rights by one or more agents or employees of Muskogee County.  Similarly, in order to hold Turn Key liable under a municipal liability theory, Plaintiff must first prove an "underlying" violation of his Constitutional rights by one or more agents or employees of Turn Key.

Sheriff Frazier argues that Dr. Cooper, Katie McCullar, Nurse Kotas and other Turn Key staff were not subordinate officials or agents of the Muskogee County Sheriff's Office. However, contracting out jail medical care does not relieve the State of its constitutional duty to provide adequate medical treatment to those in its custody, and it does not deprive former inmates of the means to vindicate their Constitutional rights. Where the duty to furnish treatment is unfulfilled, the mere contracting of services with an independent contractor does not immunize the State from liability for damages in failing to provide a prisoner with the opportunity for such treatment.

Plaintiff alleges that multiple employees or agents of Muskogee County and Turn Key, including Dr. Cooper, Nurse Kotas Nurse McCullar, committed "underlying" violations of his Constitutional rights.

<u>Authority</u>: Based upon jury instructions approved by the court in *Burke v. Glanz,* Case No. 11-CV-0720-JED-PJC (N.D.Okla.) (Dkt. #495); *See also Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1317−18 (10th Cir. 2002); *West v. Atkins*, 487 U.S. 42, 56 (1988); *Crooks v. Nix*, 872 F.2d 800, 804 (8th Cir. 1989)

**INSTRUCTION NO. ___**

**42 U.S.C. § 1983 − UNDERLYING VIOLATION OF THE CONSTITUTION −**
**DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS**

In this case, Plaintiff claims that multiple subordinate officials/employees or agents of Muskogee County and Turn Key, including Dr. Cooper, Nurse Kotas and Nurse McCullar, violated the United States Constitution by deliberate indifference to his serious medical needs. In order to establish an underlying violation of his Constitutional rights, Plaintiff must prove each of the following by a preponderance of the evidence:

First: Mr. Buchanan had a serious medical need.

Second: For the claims against the Muskogee County Sheriff/Muskogee County, that one or more employee(s) or agent(s) of the Muskogee County Sheriff/Muskogee County was deliberately indifferent to Mr. Buchanan's serious medical needs. For the claims against Turn Key, that one or more employee(s) or agent(s) of Turn Key was deliberately indifferent to Mr. Buchanan's serious medical needs.

Third: For the claims against the Muskogee County Sheriff/Muskogee County, that deliberate indifference by one or more employee(s) or agent(s) of the Muskogee County Sheriff/Muskogee County proximately caused injury to Mr. Buchanan. For the claims against Turn Key, that deliberate indifference by one or more employee(s) or agent(s) of Turn Key proximately caused injury to Mr. Buchanan.

I will now give you more details on the first and second of these three elements.  The first element is known as the "objective component" of the deliberate indifference standard.  A medical condition is sufficiently serious if it is one that that has been diagnosed by a physician as requiring treatment or is one that is so obvious that even a lay person would easily recognize the necessity for medical attention.  Courts have held that paralysis and substantial pain experienced by an inmate during a delay in treatment are sufficiently serious to satisfy the objective component.

The second element is known as the "subjective component". In order to establish the subjective component, Plaintiff must prove that one or more employee(s) or agent(s) of the Muskogee County Sheriff/Muskogee County and/or Turn Key had knowledge that Mr. Buchanan was at substantial risk of serious harm but failed to take reasonable steps to alleviate that risk.  Because it is difficult, if not impossible, to prove another person's actual state of mind, you may infer knowledge of a substantial risk of harm from circumstantial evidence. For instance, the existence of an obvious risk of substantial harm may indicate awareness of the risk.

Deliberate indifference to a serious medical need may also be established where Jail personnel prevent an inmate from receiving treatment or deny him access to medical personnel capable of evaluating the need for treatment.  Further, a prisoner may satisfy the subjective component by showing that an official's delay in providing medical treatment caused either unnecessary pain or a worsening of the inmate's condition. Even a brief delay may be unconstitutional.

**Authority:** Jury instructions approved by the court in *Burke v. Glanz,* Case No. 11-CV-0720-JED-PJC (N.D.Okla.) (Dkt. #495); *Burke v. Regalado,* 935 F.3d 960, 992-95 (10th Cir. 2019); *Mata v. Saiz,* 427 F.3d 745, 751 (10th Cir. 2005); *Tafoya v. Salazar,* 516 F.3d 912, 916 (10th Cir. 2008); *Cox v. Glanz,* 800 F.3d 1231, 1250 (10th Cir. 2015); *DeSpain v. Uphoff,* 264 F.3d 965, 975 (10th Cir. 2001); *Rife v. Oklahoma Dep't of Pub. Safety,* 854 F.3d 637, 647 (10th Cir. 2017); *Farmer v. Brennan,* 511 U.S. 825, 842-43 (1994); *Olsen v. Layton Hills Mall,* 312 F.3d 1304, 1316 (10th Cir. 2002); *Sealock v. Colorado,* 218 F.3d 1205, 1210-11 (10th Cir. 2000).

**Instruction No. \_\_\_**

## STATE LAW OR POLICY VIOLATION

A violation of a written policy or state regulation, in and of itself, is insufficient to establish a violation of the Constitution. However, the violation of a policy or regulation related to the supervision of inmates may be relevant to the deliberate indifference inquiry.  Such policies or regulations can be persuasive authority concerning what is required.  For instance, a jail nurse's violation of clinical protocols mandating treatment for a particular symptom may constitute circumstantial evidence of her knowledge of the seriousness of the symptom. Furthermore, the knowing failure to enforce policies necessary to the safety of inmates may rise to the level of deliberate indifference.

Authority:  *Lopez v. LeMaster,* 172 F.3d 756, 761 (10th Cir.1999); *Mata v. Saiz,* 427 F.3d 745, 758 (10th Cir. 2005); *Tafoya v. Salazar,* 516 F.3d 912, 919 (10th Cir. 2008) (citing *LaMarca v. Turner,* 995 F.2d 1526, 1536 (11th Cir.1993) (finding deliberate indifference where prison official "failed to ensure that his direct subordinates followed the policies he established"), and *Goka v. Bobbitt,* 862 F.2d 646, 652 (7th Cir.1988) (holding that failure to enforce a policy where the policy is critical to inmate safety may rise to the level of deliberate indifference)).

## INSTRUCTION NO. ___

### 42 U.S.C. § 1983 – UNDERLYING VIOLATION OF THE CONSTITUTION – COMBINED ACTS

Although an entity like Muskogee County or Turn Key may not ordinarily be held liable without proof of an underlying constitutional violation by at least one subordinate officer, proof of such an underlying violation by any single officer is not always necessary.  Even where the acts or omissions of no one employee may violate an individual's constitutional rights, the combined acts or omissions of several employees acting under a governmental policy or custom may violate an individual's constitutional rights.

Therefore, even if you find that no one subordinate official of Muskogee County or Turn Key violated Mr. Buchanan' rights, you may still hold the Muskogee County Sheriff and/or Turn Key liable, if Plaintiff proves, by a preponderance of the evidence, that the combined acts or omissions of several employees acting under a policy or custom violated his constitutional rights.


<u>Authority</u>: *Garcia v. Salt Lake County*, 768 F.2d 303, 310 (10th Cir. 1985).

INSTRUCTION NO. ___

**42 U.S.C. § 1983 – OFFICIAL CAPACITY LIABILITY –**
**MUSKOGEE COUNTY SHERIFF**

Plaintiff's Section 1983 official capacity claim against current Sheriff Frazier is considered to be a claim for liability of Muskogee County. A county may not be held liable under Section 1983 solely because its employee or agent may have inflicted injury. A county government is responsible only when an injury is inflicted through the execution of its policy or custom.

If you find that the Plaintiff has established an "underlying violation" of Mr. Buchanan's Constitutional rights, as provided in the above instructions, then you must consider whether a Muskogee County/Muskogee County Sheriff policy or custom was the proximate cause, or the moving force behind, the violation of Buchanan's Constitutional rights.

In order to establish Defendant's official capacity liability, Plaintiff must prove the following by a preponderance of the evidence:

First: An underlying violation of Plaintiff's Constitutional rights as I have previously instructed you.

Second: The existence of an official policy or custom for which Muskogee County/Muskogee County Sheriff possessed responsibility.

Third: That a Muskogee County/Muskogee County Sheriff policy or custom / decision of a final policymaker was a proximate cause of, or moving force behind, the violation of Mr. Buchanan' Constitutional rights.

Fourth: That Muskogee County/Muskogee County Sheriff was had a culpable state of mind/was "deliberately indifferent" as an entity.

**A.  Policy or Custom**

I will now give you more details on the second of these four elements.  Plaintiff alleges that the requisite policy or custom exists due to: (A) persistent overcrowding at the Jail; (B) Muskogee County/Muskogee County Sheriff's understaffing of the Jail; and (C) a continuing pattern of failures to provide basic medical care to and medical supervision of inmates due to the understaffing.

**1.  Understaffing and Overcrowding**

Overcrowding and understaffing of a correctional facility may form a basis for municipal liability. Where a county maintains an unconstitutional policy of understaffing its jail, liability may lie where there is evidence the county failed to correct deficiencies likely to lead to constitutional violations. Alternatively, where a county sheriff is the final policymaker with regard to the jail, a civil rights plaintiff may establish municipal liability by presenting evidence that the sheriff's failure

14

to provide adequate staffing and monitoring of inmates constitutes a policy attributable to the county.

### 2. Failure to Train / Failure to Supervise

In order to establish a failure to supervise, Plaintiff must prove that the supervision was so obviously inadequate that it amounted to deliberate indifference to the rights of persons with whom the medical and detention staff came into contact and that the specific deficiencies in supervision were obvious and closely related to Mr. Buchanan's injuries.

### 3. Custom or Pattern of Violations

A "custom" has come to mean an act that, although not formally approved by an appropriate decision maker, has such widespread practice as to have the force of law. In order to establish the existence of an informal custom, Plaintiff must show that the misconduct was "widespread"—i.e., that it involved a "series of decisions."

### B. "Deliberate Indifference" at the County Level

I will now provide you with more details on the fourth and last element. Deliberate indifference is defined differently for Eighth Amendment/Fourteenth Amendment and municipal liability purposes. In the prison conditions context, deliberate indifference is a subjective standard requiring actual knowledge of a risk by the official. In the municipal liability context, deliberate indifference is an objective standard which is satisfied if the risk is so obvious that the official should have known of it. A knowing failure to enforce policies necessary to the safety of inmates may rise to the level of deliberate indifference.

**Authority:** *Burke v. Glanz,* Case No. 11-CV-0720-JED-PJC (N.D.Okla.) (Dkt. #495); *Burke v. Regalado,* 935 F.3d 960, 999-1001 (10th Cir. 2019); Lopez v. LeMaster, 172 F.3d 756, 763 (10th Cir.1999); *Barney v. Pulsipher,* 143 F.3d 1299, 1307, 1308, n. 5 (10th Cir. 1998); *Bryson v. City of Oklahoma City,* 627 F.3d 784, 788 (10th Cir. 2010); *Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658 (1977); *Lopez v. LeMaster,* 172 F.3d 756, 763 (10th Cir. 1999); *Dubois v. Bd. of Cty. Commissioners of Mayes Cty., Oklahoma,* No. 12-CV-677-JED-PJC, 2016 WL 1091099, at *11 (N.D. Okla. Mar. 21, 2016), *aff'd in part, rev'd in part, dismissed in part sub nom, on other grounds, DuBois v. Brown,* 666 F. App'x 721 (10th Cir. 2016); *Allen v. Muskogee, Okl.,* 119 F.3d 837, 841 (10th Cir. 1997); *City of Canton v. Harris,* 489 U.S. 378, 388 (1989); *Porro v. Barnes,* 624 F.3d 1322, 1329 (10th Cir. 2010); *Houston v. Reich,* 932 F.2d 883, 888 (10th Cir. 1991); *Connick v. Thompson,* 563 U.S. 51, 62 (2011); *City of St. Louis v. Praprotnik,* 485 U.S. 112, 127, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988). *Griego v. City of Albuquerque,* 100 F. Supp. 3d 1192, 1212 (D.N.M. 2015); *Carney v. City & Cty. of Denver,* 534 F.3d 1269, 1274 (10th Cir. 2008); *Tafoya v. Salazar,* 516 F.3d 912, 919 (10th Cir. 2008) (citing *LaMarca v. Turner,* 995 F.2d 1526, 1536 (11th Cir.1993), and *Goka v. Bobbitt,* 862 F.2d 646, 652 (7th Cir.1988)).

**INSTRUCTION NO. ___**

**42 U.S.C. § 1983 − MUNICIPAL LIABILITY − TURN KEY**

Plaintiff's Section 1983 claims against Turn Key are brought pursuant to a municipal liability theory. An entity like Turn Key may not be held liable under Section 1983 solely because its employee or agent may have inflicted injury. Entities like Turn Key can only be held liable for Constitutional violations when an injury is inflicted through the execution of its policy or custom.

If you find that the Plaintiff has established an "underlying violation" of Mr. Buchanan's Constitutional rights, as provided in the above instructions, then you must consider whether a policy or custom carried out by Turn Key was the proximate cause, or the moving force behind, the violation of Buchanan's Constitutional rights.

In order to establish Turn Key's municipal liability, Plaintiff must prove the following by a preponderance of the evidence:

First: An underlying violation of Plaintiff's Constitutional rights as I have previously instructed you.

Second: The existence of a policy or custom for which Turn Key possessed responsibility.

Third: That a policy or custom for which Turn Key possessed responsibility was a proximate cause of, or moving force behind, the violation of Mr. Buchanan' Constitutional rights.

Fourth: That Turn Key had a culpable state of mind/was "deliberately indifferent" as an entity.

### A.  Policy or Custom

I will now give you more details on the second of these four elements.  Plaintiff alleges that the requisite Turn Key policy or custom exists due to a continuing pattern of failures to provide basic medical care to and medical supervision of inmates.

### 1.  Failure to Supervise

In order to establish a failure to supervise, Plaintiff must prove that the supervision was so obviously inadequate that it amounted to deliberate indifference to the rights of persons with whom the Turn Key medical staff came into contact and that the specific deficiencies in supervision were obvious and closely related to Mr. Buchanan's injuries.

### 2.  Custom or Pattern of Violations

A "custom" has come to mean an act that, although not formally approved by an appropriate decision maker, has such widespread practice as to have the force of law. In order to establish the existence of an informal custom, Plaintiff must show that the misconduct was "widespread"—i.e., that it involved a "series of decisions."

### B. "Deliberate Indifference" at the Corporate Level

I will now provide you with more details on the fourth and last element. Deliberate indifference is defined differently for Eighth Amendment/Fourteenth Amendment and municipal liability purposes. In the prison conditions context, deliberate indifference is a subjective standard requiring actual knowledge of a risk by the official. In the municipal liability context, deliberate indifference is an objective standard which is satisfied if the risk is so obvious that the official should have known of it. A knowing failure to enforce policies necessary to the safety of inmates may rise to the level of deliberate indifference.

**Authority:** *Burke v. Glanz,* Case No. 11-CV-0720-JED-PJC (N.D.Okla.) (Dkt. #495); *Burke v. Regalado,* 935 F.3d 960, 999-1001 (10th Cir. 2019); *Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1216 (10th Cir. 2003); *Lopez v. LeMaster,* 172 F.3d 756, 763 (10th Cir.1999); *Barney v. Pulsipher,* 143 F.3d 1299, 1307, 1308, n. 5 (10th Cir. 1998); *Bryson v. City of Oklahoma City,* 627 F.3d 784, 788 (10th Cir. 2010); *Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658 (1977); *Lopez v. LeMaster,* 172 F.3d 756, 763 (10th Cir. 1999); *Dubois v. Bd. of Cty. Commissioners of Mayes Cty., Oklahoma,* No. 12-CV-677-JED-PJC, 2016 WL 1091099, at *11 (N.D. Okla. Mar. 21, 2016), *aff'd in part, rev'd in part, dismissed in part sub nom, on other grounds, DuBois v. Brown,* 666 F. App'x 721 (10th Cir. 2016); *Allen v. Muskogee, Okl.,* 119 F.3d 837, 841 (10th Cir. 1997); *City of Canton v. Harris,* 489 U.S. 378, 388 (1989); *Porro v. Barnes,* 624 F.3d 1322, 1329 (10th Cir. 2010); *Houston v. Reich,* 932 F.2d 883, 888 (10th Cir. 1991); *Connick v. Thompson,* 563 U.S. 51, 62 (2011); *City of St. Louis v. Praprotnik,* 485 U.S. 112, 127, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988). *Griego v. City of Albuquerque,* 100 F. Supp. 3d 1192, 1212 (D.N.M. 2015); *Carney v. City & Cty. of Denver,* 534 F.3d 1269, 1274 (10th Cir. 2008); *Tafoya v. Salazar,* 516 F.3d 912, 919 (10th Cir. 2008) (citing *LaMarca v. Turner,* 995 F.2d 1526, 1536 (11th Cir.1993), and *Goka v. Bobbitt,* 862 F.2d 646, 652 (7th Cir.1988)).

## JURY INSTRUCTION NO. ___

### Oklahoma Governmental Tort Claims Act − Negligence

Plaintiff alleges that Turn Key is vicariously liable for the tortious conduct of its employees, Dr. Cooper, Nurse McCullar and Nurse Kotas. Plaintiff's state law tort claims are governed by the Oklahoma Governmental Tort Claims Act ("GTCA"). Under the GTCA, Turn Key may be liable for its torts or the torts of its employees or agents, such as Dr. Cooper, Nurse McCullar and Nurse Kotas, in situations where the employee was acting within the scope of his/her employment. Plaintiff specifically alleges that the Turn Key is liable under the tort of negligence.

In order to prove his claim of negligent use of excessive force against Turn Key, Plaintiff must prove by a preponderance of the evidence the following:

(1) That Dr. Cooper and/or Nurse McCullar and/or Nurse Kotas owed Plaintiff a duty to protect him from injury;

(2) That Dr. Cooper and/or Nurse McCullar and/or Nurse Kotas failed to perform that duty;

(3) That Plaintiff suffered injuries which were proximately caused by Dr. Cooper and/or Nurse McCullar and/or Nurse Kotas's failure to exercise the duty of care; and

(4) Dr. Cooper, Nurse McCullar and Nurse Kotas were acting within the scope of their employment.

Authority: *Smith v. Hines,* 2011 OK 51, ¶ 12, 261 P.3d 1129, 1133

# JURY INSTRUCTION NO. ___

## Oklahoma Governmental Tort Claims Act − Scope of Employment

Government agents committing torts while performing duties within the scope of their employment subject their employer to liability under the GTCA. If you find, by a preponderance of the evidence, that Dr. Cooper and/or Nurse McCullar and/or Nurse Kotas committed the tort of negligence, as I have defined it, you may only hold Turn Key liable if  Dr. Cooper and/or Nurse McCullar and/or Nurse Kotas' acts were done within the scope of their employment. "Scope of employment" is defined in the GTCA as performance by an employee acting in good faith and within the duties of the employee's office or employment or of tasks lawfully assigned by a competent authority. An employer may be held responsible for a tort committed by the employee where the act is incidental to and done in furtherance of the business of the employer even though the servant or agent acted in excess of the authority.

Authority: See, e.g., Tuffy's, Inc. v. City of Oklahoma City, 2009 OK 4, ¶ 7, 212 P.3d 1158; Speight v.

Presley, ¶ 13; DeCorte v. Robinson, 1998 OK 87, ¶ 12, 969 P.2d 358; Okla. Stat. tit. 51 § 152(12); Baker

v. Saint Francis Hosp., 126 P.3d 602, 605 (Okla. 2005) (emphasis added). See Perry v. City of Norman,

341 P.3d 689, 691 (Okla. 2014) (finding "employer liability extends when an employee's conduct is an assault of excessive force if the conduct also occurs within one's scope of employment." See also Lampkin v. Little, 286 F.3d 1206, 1213 (10th Cir. 2002) ("a finding that an officer at some time

during the episode...went beyond the bounds of good faith...is not necessarily inconsistent with a finding that the officer acted within the scope of employment").

**JURY INSTRUCTION NO. ___**

**Spoliation of Video Evidence**

The Muskogee County Sheriff had a duty to retain the video surveillance footage of Mr. Buchanan during his time at the Jail. Nonetheless, the Muskogee County Sheriff's Office destroyed and recklessly failed to preserve that video surveillance evidence. You are instructed to infer that this video evidence of Mr. Buchanan at the Jail, had it been preserved, would have been unfavorable to Defendants on the issue of whether detention and medical staff were deliberately indifferent to Mr. Buchanan's serious medical needs.

<u>Authority:</u>  *Clemons v. Corrections Corp. of America, Inc.*, 2014 WL 3507299, at *3-6 (E.D.Tenn. 2014); *Browder v. City of Albuquerque,* 187 F. Supp. 3d 1288, 1297 (D.N.M. 2016)

## INSTRUCTION NO. ___

## PROXIMATE CAUSE

An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the act or omission. If an injury was a direct or a reasonably probable consequence of conduct, it was proximately caused by that conduct. In other words, if a person's acts or omissions had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, Plaintiff must show that such injury would not have occurred without the conduct of the Defendants, any group of Defendants or any single Defendant. If you find that Defendants, any group of Defendants or any single Defendant have proven, by a preponderance of the evidence, that  Mr. Buchanan's injuries, including unnecessary pain or a worsening of his condition, would have occurred even in the absence of the a Defendant's conduct, you must find that that that Defendant did not proximately cause Buchanan's injuries, including unnecessary pain or a worsening of his condition.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damages. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to proximately cause an injury.

Authority: Based upon jury instructions approved by the court in *Burke v. Glanz,* Case No. 11-CV-0720-JED-PJC (N.D.Okla.) (Dkt. #495).

**INSTRUCTION NO. ___**

**DAMAGES**

If you find that Plaintiff has proved by a preponderance of the evidence any claim against a Defendant, you must then decide whether to award damages. You should not reach the issue of damages unless you find that the Plaintiff has established liability of a Defendant.

The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages; nor does it mean that I have any opinion as to liability one way or the other.

Authority: Based upon jury instructions approved by the court in *Burke v. Glanz*, Case No. 11-CV-0720-JED-PJC (N.D.Okla.) (Dkt. #495).

## INSTRUCTION NO. ___

## COMPENSATORY DAMAGES

If you find that the Plaintiff is not entitled to recover from any Defendant, you need go no further. Your verdict would be in favor of the Defendants. However, if you find that the Plaintiff is entitled to recover from one or more Defendants, you must award damages which you think will justly and fairly compensate for any injury you believe that was actually sustained as a direct consequence of the Defendants' conduct. Such damages are called compensatory damages.

You shall award compensatory damages only for those injuries which you find that the Plaintiff has proven by a preponderance of the evidence. Moreover, you shall award compensatory damages only for those injuries which you find the Plaintiff has proven were the direct result of conduct by the Defendant in violation of Mr. Buchanan's Constitutional rights.

A plaintiff who prevails is entitled to compensatory damages for physical injury, bodily pain and suffering, and mental pain and anguish. Thus, compensatory damages may include damages for Mr. Buchanan's physical injury, mental pain and anguish, and bodily pain and suffering. Placing a dollar value on pain, suffering, and anguish is a difficult task.

You must use your best judgment.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial.

Authority: Based upon jury instructions approved by the court in *Burke v. Glanz,* Case No. 11-CV-0720-JED-PJC (N.D.Okla.) (Dkt. #495).

**INSTRUCTION NO. ___**

**PUNITIVE DAMAGES**

If you find for Plaintiff on the Section 1983 claim against Defendant Turn Key and/or Dr. Cooper and/or Nurse McCullar, you may, but are not required to, assess punitive damages.  You may not assess punitive damages against Sheriff Frazier in his official capacity, as Muskogee County is immune from punitive damages.

The purposes of punitive damages are to punish a defendant for his/her/its conduct and to serve as an example or warning to a defendant and others not to engage in similar conduct in the future.

You may award punitive damages only if you find, by a preponderance of the evidence, that Turn Key and/or Dr. Cooper and/or Nurse McCullar's conduct involved reckless or callous indifference to Mr. Buchanan's rights under the United States Constitution.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either party. In determining the amount of punitive damages, if any, you should consider the following factors:

the reprehensibility of Defendant's conduct;
the impact of Defendant's conduct on Plaintiff;
the relationship between Plaintiff and Defendant; and
the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

<u>Authority:</u>      Based upon jury instructions approved by the court in *Burke v. Glanz,* Case No. 11-CV-0720-JED-PJC (N.D.Okla.) (Dkt. #495).