IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) JAMES D. BUCHANAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 18-CV-171-RAW |
| | ) | |
| (1) TURN KEY HEALTH CLINICS, LLC, | ) | |
| (2) ROB FRAZIER, in his official capacity as | ) | |
| Muskogee County Sheriff, | ) | |
| (3) BOARD OF COUNTY COMMISSIONERS | ) | |
| OF MUSKOGEE COUNTY, | ) | |
| (4) DR. COOPER, and | ) | |
| (5) KATIE MCCULLAR, LPN, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS TURN KEY HEALTH CLINICS, LLC, WILLIAM COOPER, DO, AND KATIE MCCULLAR'S PROPOSED JURY INSTRUCTIONS**

*s/Austin J. Young*

SEAN SNIDER, OBA # 22307
AUSTIN J. YOUNG, OBA # 32684
JOHNSON HANAN VOSLER
HAWTHORNE AND SNIDER
9801 N. Broadway Extension
Oklahoma City, OK 73114
Telephone: (405) 232-6100
Facsimile: (405) 232-6105
E-Mail: ssnider@johnsonhanan.com
E-Mail: ayoung@johnsonhanan.com

*Attorneys for Defendants Turn Key Health Clinics, LLC, Dr. William Cooper, DO, and Katie McCullar, RN*

**PROPOSED JURY INSTRUCTION NO. ___:**

**USE OF ELECTRONIC DEVICES AND RESEARCH PROHIBITED**

At this time, turn off all cell phones and other electronic devices.  Do not use any electronic devices while court is in session in this case.  Do not use any electronic device or media, such as a telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, iPad, computer, the Internet, any Internet service (including Google, Yahoo, Internet Explorer or any other search engine), any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, YouTube, Instagram, Snapchat and/or Twitter, or any other way to find out any information about this case or the parties or attorneys.

During this trial, do not text, post, tweet, blog or otherwise broadcast anything about this case or your service on this jury.  This will help you avoid others pressuring you to discuss this trial.  If you believe that another juror is violating this instruction, please notify me by immediately giving a note to the bailiff.

It is very important that you abide by these instructions because it is essential that you keep your minds free and open at all times throughout this trial and that you not be influenced by anything except the evidence you hear and see in the courtroom.  Failure to follow these instructions could result in the case having to be retried, and you will be in violation of your oath and the court's order, which may result in your being fined, put in jail, or both.


AUTHORITY: OUJI-CIV 1.0

**PROPOSED JURY INSTRUCTION NO. ___**

**EXPLANATION TO JURY PANEL OF VOIR DIRE**

As possible jurors you will be questioned to determine your qualifications to serve in this case.  The purpose of these questions is to obtain a fair jury.  Since this is an important part of the trial, it is necessary that you be given an oath to answer truthfully all questions asked you about your qualifications to serve as jurors.  Will you please stand, raise your right hand, and the oath will now be given to you by _____.


AUTHORITY: OUJI-CIV 1.1: 3d

**PROPOSED JURY INSTRUCTION NO. \_\_\_**

**OATH ON VOIR DIRE**

Do you solemnly swear that you will truly and fully answer all questions asked you by the Judge or the lawyers to serve as a juror in the case now on trial, so help you God? [Juror should be required to answer "I do."].

or

Do you affirm under the pains and penalties of perjury to truly and fully answer all questions asked you by the Judge or lawyers to serve as a juror in the case now on trial? [Juror should be required to answer "I do."].

AUTHORITY: OUJI 1.2: 3d (Rev. 2009)

**PROPOSED JURY INSTRUCTION NO. ___**

**OATH ADMINISTERED TO JURY**

Do you solemnly swear that you will well and truly try the matter submitted to you in the case now on trial and reach a true verdict, according to the law and the evidence presented to you, so help you God? [Juror should be required to answer, "I do."].

or

Do you affirm under the pains and penalties of perjury that you will well and truly try the matters submitted to you in the case now on trial and a true verdict render, according to the law and the evidence? [Juror should be required to answer, "I do."].

AUTHORITY: OUJI 1.3: 3d (Rev. 2009)

## PROPOSED JURY INSTRUCTION NO. ___

### THE PARTIES

The Plaintiff in this case is James D. Buchanan.  The Defendants in this case are Turn Key Health Clinics, LLC; William Cooper, D.O.; Katie McCullar, R.N.; and Rob Frazier, in his official capacity as Muskogee County Sheriff.

**PROPOSED JURY INSTRUCTION NO. ___**

**ACTS OF EMPLOYEES**

The correctional officers and administrative officials at the Muskogee County Jail were the employees of Muskogee County at the time of this occurrence. They were not Turn Key employees. Therefore, an act or omission of those correctional officers and administrative officials acting within the scope of their authority or employment at the time was in law the act or omission of Muskogee County.

AUTHORITY: OUIJI 7.2: 3d (Rev. 2009) (modified)

## PROPOSED JURY INSTRUCTION NO. ___

## JURY'S DUTIES — CAUTIONARY INSTRUCTIONS — TO BE GIVEN AFTER JURY IS SWORN

Members of the Jury: I will now explain to you your duties as jurors. It is vital to the administration of justice that you fully understand and faithfully perform these duties.

It is my duty to determine all of the law applicable to this case and to inform you of that law by these instructions and by the instructions that I will give you after all evidence has been received. It is your duty to accept and follow all of these instructions as a whole, not accepting one or more of these instructions and disregarding the others.

It is your duty to determine the facts of this case from the evidence produced in open court. You should consider only the evidence introduced while the court is in session. It is then your duty to apply the law, as determined by the court, to the facts as determined by you, and thus render a verdict. You should not allow sympathy or prejudice to influence your decision. Your decision should be based upon probabilities, and not possibilities. It may not be based upon speculation or guesswork.

The evidence which you are to consider consists of the testimony of the witnesses; the exhibits, if any, admitted into evidence; any facts admitted or agreed to by the attorneys; and any facts which I instruct you to accept as true. The term "witness" means anyone who testifies in person, or by deposition, including the parties.

In addition, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified when considered with the aid of the knowledge which you each possess in common with other persons. You may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which you find to have been established

8

by the testimony and evidence in the case.

The production of evidence in court is governed by rules of law. From time to time it may be the duty of the attorneys to object to the production of evidence and my duty to rule on these objections. If I say the objection is sustained, you must not consider the testimony or exhibit covered by the objection. If I say the objection is overruled, you may consider the testimony or exhibit covered by the objection. The attorney's objections, and my rulings upon these objections, together with the reasons for these objections and rulings are not evidence and should not be considered by you.

The statements, remarks and arguments of the attorneys are intended to help you in understanding the evidence and applying the law but are not evidence. If any statement, remark or argument of an attorney has no basis in the evidence, then you should disregard it. You are the sole judges of the believability of each witness and the value to be given the testimony of each. You should take into consideration the witness's means of knowledge, strength of memory and opportunities of observation. Also consider the reasonableness, consistency or inconsistency of the testimony. You should also consider the bias, prejudice or interest, if any, the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand and all other facts and circumstances that affect the believability of the witness.

My rulings and remarks made during the course of this trial are not intended to indicate my opinion as to the facts. During all recesses and adjournments, while this case is in progress, you must not discuss this case, or anything about this case, with anyone, and you must not allow anyone to discuss it with you. This rule applies not only to court employees, the attorneys involved in this case, and others you may meet in the courthouse, but also to your husband and wife, other members

of your family, your friends and anyone else you may meet. If during the trial anyone talks to you or tries to talk to you about this case, you must immediately report it to me, or the (clerk of the court)/bailiff, who will report to me.

Do not, before this case is finally submitted to you for a decision, talk to your fellow jurors about this case, or anything about this case, or form or express any opinion about it.

Do not read newspaper reports or obtain information from the internet about this trial or the issues, parties or witnesses involved in this case, and do not watch or listen to television or radio reports about it. Do not investigate this case on your own.

The reasons for these rules are that it is essential that you should keep your minds free and open at all times throughout this trial and that you should not be influenced by anything except the evidence you hear and see in the courtroom.

From now on, at the beginning of each recess or adjournment, I will refer to these instructions as "my instructions" or "my usual instructions," but whether or not this is done, you will carefully observe these rules at all times.

**Note:**

Before excusing the jurors for recesses and adjournments, the judge should remind them not to discuss the case. The following Instruction is suggested:

At this time, let me remind you not to discuss this case, or anything about this case, with anyone during the recess or while court is adjourned, and do not allow anyone to discuss it with you. If anyone talks to you or tries to talk to you about this case, you are instructed to report it immediately either to me or to the bailiff.

AUTHORITY: OUJI 1.4: (2008 Supp.) (Rev. 2009)

**PROPOSED JURY INSTRUCTION NO. ___**

**JURY'S DUTIES — CAUTIONARY INSTRUCTIONS — CORPORATION AS PARTY**

All parties to a lawsuit are entitled to the same fair and impartial consideration, whether they are corporations or individuals.

AUTHORITY: OUJI 1.6: 3d (Rev. 2009)

**PROPOSED JURY INSTRUCTION NO. ___**

**CAUTIONARY INSTRUCTION — NOTE TAKING BY JURORS**

I have given you note pads and pens. You may take notes during the presentation of evidence in this case. I do not require that any juror take notes. This is entirely up to you. If you take notes, remember this:

1) Take notes sparingly. Do not try to write down all the testimony. The purpose of taking notes is to help you remember. They should not take the place of your independent memory of the testimony. Notes are helpful when dealing with measurements, times, distances, identities and relationships.

2) You must pass on the credibility of the witnesses, and to do so, you must observe them. Do not let note taking distract you from this duty.

3) If you do not take notes or take only a few notes, do not let your own independent recollection of the evidence be influenced solely by the fact other jurors have taken notes.

4) Your notes are for your private use only. Do not share your notes with any other juror during the presentation of the case. You may discuss your notes only with other jurors and only after the case is submitted to you for deliberation.

During recesses and at the end of the day, leave your note pad in the courtroom. We will lock the courtroom at night and during the noon recess.

You will have access to your notes during deliberations. After the trial is over, please leave your pads and pens in the deliberation room. No one will read your notes. They will not be included in the official record in this case. The notes will be destroyed.

AUTHORITY: OUJI 1.7: 3d (2008 Supp.) (Rev. 2009)

**PROPOSED  JURY INSTRUCTION NO. ___**

**CLOSING INSTRUCTION — TO BE GIVEN AFTER THE EVIDENCE**

The Court has made rulings during this trial. In ruling, the Court has not in any way suggested to you the weight or credit to be given any evidence or testimony received during the trial, nor intimated in any way what you should decide in this case.

You are the judges of the facts. The importance and worth of the evidence and testimony is for you to decide. From all the testimony heard and evidence seen by you during the trial, and using the reasoning which you each have, you will make your decision. You should perform your duties as jurors impartially and faithfully, under your oath.

The law provides that you should now listen to and consider the arguments of counsel, which are a proper part of this case.


AUTHORITY: OUJI 1.8A: 3d (2008 Supp.) (Rev. 2009)

**PROPOSED  JURY INSTRUCTION NO. \_\_\_**

**JURY'S DUTIES — INTRODUCTION TO INSTRUCTIONS — TO BE GIVEN AFTER
THE EVIDENCE**

It is now my duty to further explain your duties as jurors, and to further inform you of the
law applicable to this case. It is your duty to faithfully perform your duties and to accept and follow
all instructions of the law, as a whole, including the instruction I gave you at the beginning of this
trial [and the instructions I gave you during the course of this trial]. You are not free to accept and
follow one or more of these instructions and disregard the other.

AUTHORITY: OUJI 1.8: 3d (Rev. 2009)

**PROPOSED JURY INSTRUCTION NO. ___**

**BURDEN OF PROOF- GREATER WEIGHT OF THE EVIDENCE**

In a civil lawsuit, such as this one, the law provides which party is to prove certain things to you. This is called "Burden of Proof."

When I say that a party has the burden of proof on any proposition by the greater weight of the evidence, or use the expression "if you find," or "if you decide", I mean you must be persuaded, considering all the evidence in the case, that the proposition on which such party has the burden of proof is more probably true than not true. The greater weight of the evidence does not mean the greater number of witnesses testifying to a fact but means what seems to you more convincing and more probably true.

A party who seeks to recover on a claim, or a party who raises an affirmative defense has the burden to prove all the elements of the claim or defense. In deciding whether a party has met the burden of proof, you are to take into account all the evidence, whether offered by that party or any other party.

AUTHORITY: OUJI 3.1: 3d (Rev. 2009)

**PROPOSED JURY INSTRUCTION NO. \_\_\_**

**DETERMINING CREDIBILITY [BELIEVABILITY] OF WITNESS**

You are the sole judges of the believability of each witness and the value to be given the testimony of each. You should take into consideration the witness's means of knowledge, strength of memory and opportunities for observation. Also consider the reasonableness and consistency or inconsistency of the testimony.

You should also consider the bias, prejudice, or interest, if any, the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand, and all other facts and circumstances that affect the believability of the witness.

AUTHORITY: OUJI 3.13: 3d (Rev. 2009)

**PROPOSED JURY INSTRUCTION NO. ___**

**EXPERT WITNESS**

There has been introduced the testimony of witnesses who are represented to be skilled in certain areas. Such witnesses are known in law as expert witnesses. You may consider the testimony of these witnesses and give it such weight as you think it should have, but the value to be given their testimony is for you to determine. You are not required to surrender your own judgment to that of any person testifying as an expert or otherwise. The testimony of an expert, like that of any other witness, is to be given such value as you think it is entitled to receive.

AUTHORITY: OUJI 3.21: 3d (Rev. 2009)

**PROPOSED  JURY INSTRUCTION NO. ___**

**DIRECT AND INDIRECT [CIRCUMSTANTIAL] EVIDENCE – DEFINED – USE**

"Direct evidence" is the testimony of a person who asserts actual, personal knowledge of a fact, such as the testimony of an eyewitness. "Direct evidence" may also be an exhibit such as a photograph which demonstrates the existence of a fact. It is proof which points immediately to a question at issue and which proves the existence of a fact without inference or presumption.

"Circumstantial evidence" is the proof of facts or circumstances which gives rise to a reasonable inference of other connected facts.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should consider circumstantial evidence together with all the other evidence in the case in arriving at your verdict.


AUTHORITY: OUJI 3.25

## PROPOSED JURY INSTRUCTION NO. ___

## NO SPECULATION

Your decision must be based upon probabilities, not possibilities. It may not be based upon speculation or guesswork.

AUTHORITY: OUJI 3.3: 3d (Rev. 2009)

**PROPOSED JURY INSTRUCTION NO.___**

**STATEMENT OF THE CASE**

In this matter, the Plaintiff contends that while he was incarcerated at the Muskogee County Jail from November 3, 2016 through November 14, 2016, he developed temporary paralysis stemming from a cervical epidural abscess.  He contends that in his time at the Muskogee County Jail, he was denied appropriate medical care by employees of the Muskogee County Sheriff and by employees of Turn Key, and claims that this violated his constitutional rights.  In particular, Plaintiff claims that employees of the Muskogee County Sheriff's Office and employees of Turn Key, were deliberately indifferent to his medical needs.

Turn Key denies that it instituted any policy, procedure, or custom that was the moving force behind any alleged violation. Dr. Cooper and Nurse McCullar maintain that their care and treatment of Mr. Buchanan was reasonable, appropriate, and within the standard of care at all times, Plaintiff's  symptoms were never ignored or disregarded in any manner, and they were never aware that Mr. Buchanan was at an imminent risk of developing a cervical epidural abscess. Rather, Defendants Turn Key, Dr. Cooper, and Nurse McCullar, state that Plaintiff was seen by qualified medical staff and received appropriate care and treatment throughout his incarceration. When Plaintiff's condition developed into an emergency situation such that he required outside care, he was promptly sent to the hospital, where he received additional timely medical care, which prevented permanent paralysis.  Defendant Turn Key additionally maintains that the its policies, procedures, and customs were appropriate and they were not the moving force behind any alleged constitutional violation. Turn Key, Dr. Cooper, and Nurse McCullar each dispute and deny the Plaintiff's allegations and specifically deny that his constitutional rights were violated.

20

**PROPOSED JURY INSTRUCTION NO. ___**

**<u>STATEMENT OF THE CASE – CAUTIONARY INSTRUCTION</u>**

The statement of the case simply defines the issues to be tried by you in this case, and the allegations or claims made therein do not constitute any evidence, nor do the statements or arguments of counsel, but you will only consider as evidence the testimony heard from the witness stand by the witness under oath, any exhibits which have been introduced and any stipulations made by counsel, and you will consider that evidence under the following instructions.

## PROPOSED INSTRUCTION NO. __

## JURY'S DUTIES - TO BE GIVEN PRIOR TO DELIBERATION

Ladies and Gentlemen of the jury, that completes the argument. This case is now submitted to you for your decision and verdict.

When you have arrived in the jury room you should first choose one of the jury as a foreperson and then begin deciding the case. You must not use any method of chance in arriving at your verdict, but rest it on the opinion of each juror who agrees with it. The forms of the possible verdicts will be sent to the jury room with you, along with these written instructions of the Court. If all twelve (12) of you agree on a verdict, select the one (1) correct form of verdict and only your foreperson alone need sign it; if you do not all agree, but at least nine (9) or more of you do, then only those nine (9) or more agreeing will each, individually, sign the verdict form. Notify the Bailiff when you have arrived at a verdict so that you may return it in open court.

AUTHORITY: OUJI 3d 1.9 (2014 Supp) (Modified)

**PROPOSED JURY INSTRUCTION NO. __**

**NOTE TAKING BY JURORS – TO BE GIVEN PRIOR TO DELIBERATION**

You have been permitted to take notes during the testimony of this case.  If you have done so you may refer to them during deliberations, and discuss the contents of your notes with other jurors.  In your deliberations, give no more or no less weight to the view of a fellow juror just because that juror did or did not take notes.  Your notes are not official transcripts, but are simply aids to your memory.  It is the testimony from the witness stand which must be the basis of your determination of the facts, and ultimately, your verdict in the case.

**PROPOSED JURY INSTRUCTION NO. ___**

**42 U.S.C. § 1983 - CIVIL RIGHTS ACT**

Plaintiff is claiming damages under a federal statute, Title 42 U.S.C. § 1983, which is known as the Civil Rights Act. This Act provides that:

> [E]very person, who under the color of any statute, ordinance, regulation, custom or usage of any state...subjects or causes to be subject any citizen of the United States...to the deprivation of any rights, privileges or immunities secured by the constitution and laws, shall be liable to the party injured...

Section 1983 itself does not establish or create any federally protected right. Rather, it is the statute that allows the Plaintiffs in this case to enforce rights guaranteed to them by the federal Constitution. Later in these instructions, I will explain to you what federal constitutional right is at issue in this case and what the Plaintiff must demonstrate to prove a violation of his rights.

AUTHORITY: 42 U.S.C. § 1983

**PROPOSED JURY INSTRUCTION NO. ___**

**UNDERLYING CONSTITUTIONAL VIOLATION**

A private corporation, such as Turn Key, cannot be held liable under 42 U.S.C. § 1983 unless there is some underlying constitutional violation by its employees or agents.   Accordingly, to prevail on his §1983 claims against Defendant Turn Key, Plaintiff must first prove, by a preponderance of the evidence, that an agent, employee or officer of Turn Key violated Plaintiff's federal constitutional rights.

In this case, the correctional officers and administrative staff at the Jail were employees of the Sheriff's Office.  If you find that any correctional officer or member of the Muskogee County administrative staff violated Plaintiff's federal constitutional rights, this is insufficient to establish an underlying violation by an agent, employee of officer of Turn Key.  Rather you must find that a particular, specific, individual employee of Turn Key violated Plaintiff's federal constitutional rights, in order to establish an underlying constitutional violation.   Collective liability is insufficient; one or more specific employees of the Sheriff's Office must have acted with deliberate indifference.

However, even if you find that an individual employee of Turn Key violated Plaintiff's federal constitutional rights, that alone is not sufficient to establish municipal liability on the part of Turn Key.  Rather, to establish such liability, Plaintiff must prove, by a preponderance of the evidence, that a policy, custom, or practice established by Turn Key affirmatively caused the specific individual Turn Key employee to violate Plaintiff's federal constitutional rights.

AUTHORITY: *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993);

25

*City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986));

*Walker v. City of Orem*, 451 F.3d 1139, 1152 (10th Cir. 2006);

*Livsey v. Salt Lake County, 275 F.3d 952, 958 (10th Cir. 2001);*

*Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694-95, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978);*

*Pembaur v. Cincinnati, 475 U.S. 469, 483, 106 S. Ct. 1291, 89 L. Ed. 2d 425 (1986);*

*Board of County Commissioners of Bryant County, Oklahoma v. Brown, 520 U.S. 397, 403, 117 S. Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997);*

*City of Oklahoma City v. Tuttle, 471 U.S. 808, 821-22, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985).*

*Burke v. Regalado, 2019 WL 3938633 at \*30-31 (10th Cir., August 20, 2019)*

*Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999).*

## PROPOSED JURY INSTRUCTION NO. ___

## MUNICIPAL LIABILITY

A corporate entity may not be held liable under Section 1983 solely because its employee or agent may have inflicted injury. A corporate entity, such as Turn Key, is responsible only when an injury is inflicted through the execution of its policy or custom.

If you find that the Plaintiff has established an "underlying violation" of Mr. Buchanan's Constitutional rights, then you must consider whether a Turn Key policy or custom was the proximate cause, or the moving force behind, the violation of Mr. Buchanan's Constitutional rights. In order to establish the official capacity claim, Plaintiff must prove the following by a preponderance of the evidence:

One, that an act or acts by an employee or agent of Turn Key violated Mr. Buchanan's Constitutional rights;

Two, the existence of a Turn Key policy or custom;

Three, that the violation of Mr. Buchanan's Constitutional rights was proximately caused by the Turn Key's policy or custom; and

Four, that Turn Key, through its employees, had actual or constructive notice that its action or failure to act was substantially certain to result in a Constitutional violation, and that Turn Key, through its officials, deliberately chose to disregard the risk of harm.

A single isolated incident of an alleged constitutional violation is not sufficient to establish that an unconstitutional policy or custom existed. In order to establish a custom, the conduct must be persistent and widespread. Normally, random acts and isolated incidents fall short of the level of persistent and widespread conduct sufficient to establish municipal liability under § 1983.

27

Rather, to demonstrate liability based on an un-official practice or custom, Plaintiff must show numerous particular instances of similar unconstitutional conduct to that alleged in this case occurring within a relatively short amount of time from each other.

If you find that there was a constitutional violation in this case, but that it was a single, random, and isolated incident, you must find that Plaintiff has not proven the existence of an unconstitutional policy or custom of Turn Key, and you must find in favor of Turn Key.

AUTHORITY: *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694-95, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978);

*Pembaur v. Cincinnati, 475 U.S. 469, 483, 106 S. Ct. 1291, 89 L. Ed. 2d 425 (1986);*

*Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403, 117 S. Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997);*

*City of Oklahoma City v. Tuttle, 471 U.S. 808, 821-22, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985);*

*Lankford v. City of Hobart, 73 F.3d 283, 286 (10th Cir. 1996);*

*Church v. City of Huntsville, 30 F.3d 1332, 1345 (11th Cir. 1994);*

*Carter v. Morris, 164 F.3d 215, 220 (4th Cir. 1999);*

*Lytle v. Doyle*, 326 F.3d 463, 473 (4th Cir. 2003).

*Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189 (10th Cir. 2010)

*Burke v. Regalado*, 2019 WL 3938633 at *30-31 (10th Cir., August 20, 2019)

*Connick v. Thompson*, 131 S. Ct. 1350, 1360, 179 L.Ed.2d 417 (2011)

**PROPOSED JURY INSTRUCTION NO. ___**

**CUSTOM AND POLICY**

A policy is a statement, ordinance, regulation, or decision that is officially adopted by Turn Key.

A "custom" is a persistent and widespread practice that is permanent and well settled.

AUTHORITY: *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978)

*City of St. Louis v. Praprotnick*, 485 U.S. 112 (1988)

## PROPOSED INSTRUCTION NO. _____

## DELIBERATE INDIFFERENCE

Plaintiff alleges that Dr. Cooper and Nurse McCullar were deliberately indifferent to the serious medical needs of Mr. Buchanan. When prison officials are so deliberately indifferent to serious medical needs as to unnecessarily and wantonly inflict pain, they impose cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. To prove this, however, the plaintiff must demonstrate by a preponderance of the evidence that Dr. Cooper and Nurse McCullar knew of and disregarded an excessive risk to Plaintiff' health and safety—in other words, Dr. Cooper and Nurse McCullar must have both been aware of facts from which the inference could be drawn that a substantial risk of immediate and serious harm existed, and they also must have drawn such an inference and then deliberately disregarded that risk. Mere negligence is not enough, nor is it enough that a reasonable person would have known, Dr. Cooper, and Nurse McCullar should have known, of the serious medical needs.


AUTHORITY: 1 L. Sand. et. al. Modern Fed. Jury Inst. – Civ. 87-74D (Modified)

30

## PROPOSED JURY INSTRUCTION NO. ___

## DELIBERATE INDIFFERENCE – SUBJECTIVE KNOWLEDGE OF AN INDIVIDUAL

In order to find that Dr. Cooper and Nurse McCullar deprived Mr. Buchanan of his constitutional rights, you must find that Dr. Cooper or Nurse McCullar's acts or omissions were sufficiently harmful to evidence deliberate indifference to serious medical needs. Specifically, in order to impose liability, you must find that Dr. Cooper and/or Nurse McCullar were aware of facts from which the inference could be drawn that a substantial risk of immediate and serious harm existed, and that Dr. Cooper and/or Nurse McCullar must also drew the inference.

In so finding there are several examples which Oklahoma Law has determined to fall short of a constitutional violation, including:

Failure to provide a test;

Performance of a cursory examination;

Delay in transfer to another facility;

Failure to transfer to an outside facility;

Whether an alternative method of treatment was appropriate;

Whether a specialist should have been called in sooner; and

Whether a medical provider made the right decision concerning a medical diagnosis or treatment.

AUTHORITY: *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008).

*Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976)

*Redding v. Marsh*, 750 F.Supp.473, 479 (E.D.Okl.1990)

*Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993)

*Farmer v. Brennan, 511 U.S. 825, 828, 114 S.Ct. 1970, 128 L.Ed.2d 811, 828-837 (1994)*

**PROPOSED JURY INSTRUCTION NO. _____**

**STATE OF MIND—GENERAL**

To prove his claim, the Plaintiff must not only show that Dr. Cooper and Nurse McCullar actions deprived Plaintiff of a federal right but also that Dr. Cooper and Nurse McCullar performed those acts intentionally or recklessly, rather than accidentally.


AUTHORITY: 1 L. Sand. et. al. Modern Fed. Jury Inst. – Civ. 87-75 (Modified)

**PROPOSED JURY INSTRUCTION NO. _____**

**STATE OF MIND—INTENTIONAL**

An act is intentional if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or other innocent reason. Please note that intent can be proved directly or it can be proved by reasonable inference from circumstantial evidence.

AUTHORITY: 1 L. Sand. et. al. Modern Fed. Jury Inst. – Civ. 87-76 (Modified)

**PROPOSED JURY INSTRUCTION NO. _____**

**NO CONSTITUTIONAL VIOLATION IN THE ABSENCE OF ACTUAL AWARENESS**

If an individual was not actually aware of an immediate and serious medical risk to
Plaintiff, then the individual cannot be found to be deliberately indifferent to that risk.


AUTHORITY: *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S.Ct. 1970, 128 L.Ed.2d 811, 828-837
(1994)

*Heidtke v. Corr. Corp. of Am.*, 489 Fed. Appx. 275, 279-280 (10th Cir. 2012)

*Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006).

## PROPOSED JURY INSTRUCTION NO. _____

## MEDICAL MALPRACTICE IS NOT A VIOLATION OF AN INDIVIDUAL'S CIVIL RIGHTS

A negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation. A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

AUTHORITY: *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976).

**PROPOSED JURY INSTRUCTION NO. _____**

**A MISDIAGNOSIS IS NOT A VIOLATION OF AN INDIVIDUAL'S CIVIL RIGHTS**

A misdiagnosis, even if rising to the level of medical malpractice, is simply insufficient to satisfy the subjective component of a deliberate indifference claim. Where a doctor, such as Dr. Cooper, faces symptoms that could suggest two different possible diagnoses, the doctor's culpable state of mind is not established even if the doctor's medical judgment may have been objectively unreasonable.

AUTHORITY: *Self v. Crum,* 439 F.3d 1227, 1234 (10th Cir. 2006).

## PROPOSED JURY INSTRUCTION NO. _____

## VIOLATION OF STATE LAW OR POLICY NOT A CONSTITUTIONAL VIOLATION

Dr. Cooper and Nurse McCullar are not liable under the federal civil rights act even if their conduct violated some state law or a policy of the Sheriff's Office, the Jail, or Turn Key. To be found liable, Dr. Cooper and Nurse McCullar must be found to have violated federal a constitutional right.

AUTHORITY: *Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed. 2d 139 (1984).

*Phillips v. Calhoun,* 956 F.2d 949, 954 (10th Cir. 1992).

**PROPOSED JURY INSTRUCTION NO. ___**

**POLICY OF FAILURE TO TRAIN OR SUPERVISE**

A policy of a failure to adequately supervise or train may not be the basis for a finding of a Defendant's liability unless you find by a preponderance of the evidence that any such failure resulted from the Defendant's deliberate indifference to the injuries that may be proximately caused by the failure to train or supervise.

AUTHORITY: Based upon jury instructions approved by the court in *Burke v. Glanz,* Case No. 11-CV-0720-JED-PJC (N.D.Okla.) (Dkt. #495).

**PROPOSED JURY INSTRUCTION NO. \_\_\_**

**SERIOUS MEDICAL NEED DEFINED**

A medical condition is sufficiently serious if it is one that that has been diagnosed by a physician as requiring immediate treatment or is one that is so obvious that even a lay person would easily recognize the necessity for immediate medical attention.


AUTHORITY: Based upon jury instructions approved by the court in *Burke v. Glanz,* Case No. 11-CV-0720-JED-PJC (N.D.Okla.) (Dkt. #495).

**PROPOSED JURY INSTRUCTION NO. ___**

**STATE LAW OR POLICY VIOLATION**

You are instructed that a violation of a state law or an internal policy or procedure is not necessarily evidence of a violation of federal constitutional rights. If you find that any of the Defendants in this case violated any state law or regulation or any internal policy or procedure of Turn Key or the Muskogee County Sheriff's Office with regard to the treatment of Mr. Buchanan, such a finding would be insufficient in itself to support liability under 42 U.S.C. § 1983. Rather, Plaintiff must prove that the Defendants violated Mr. Buchanan's federal, constitutional rights as addressed in the preceding instructions.


AUTHORITY:          *Tanberg v. Sholtis*, 401 F.3d 1151 (10th Cir. 2005);

                    *Romero v. Board of County Commissioners*, 60 F.3d 702 (10th Cir. 1995).

**PROPOSED JURY INSTRUCTION NO. ___**

**ALTERNATIVE METHODS OF DIAGNOSIS OR TREATMENT**

Where there is more than one medically accepted method of diagnosis or treatment, a physician has the right to use his best judgment in the selection of the diagnosis or treatment, even though another medically accepted method of diagnosis or treatment might have been more effective.

AUTHORITY: OUJI-CIV 14.3

**PROPOSED JURY INSTRUCTION NO. ___**

**MEDICAL NEGLIGENCE – ELEMENTS OF LIABILITY**

A party claiming damages for medical negligence has the burden of proving each of the following propositions:

(1) The existence of a duty owed by Dr. Cooper or Nurse McCullar;

(2) That Dr. Cooper or Nurse McCullar, breached that duty; and

(3) Dr. Cooper or Nurse McCullar's breach was a direct cause of Plaintiff's alleged injuries.


AUTHORITY: OUJI 3d 9.1 (modified) *Thompson v. Presbyterian Hosp., Inc.*, 1992 OK 87, ¶ 7, 652 P.2d 260, 263;  *Harder v. F.C. Clinton, Inc.*, 1997 OK 137, ¶14, 948 P.2d 298, 305 n.30; *Grayson v. Children's Hosp. of Oklahoma*, 1992 OK CIV APP 116, ¶7, 838 P.2d 546, 549; *Boxberger v. Martin*, 1976 OK 78, ¶14, 552 P.2d 370, 373.

## PROPOSED JURY INSTRUCTION NO. __

### NEGLIGENCE DEFINED

Since some of Plaintiff's claims in this lawsuit are based on the theory of negligence, you must understand what the terms "negligence" and "ordinary care" mean in the law with reference to this case.

"Negligence" is the failure to exercise ordinary care to avoid injury to another's person or property.

"Ordinary care" is the care, which a reasonable nurse or physician would use under the same or similar circumstances. The law does not say how a reasonable nurse or physician would act under those circumstances.  That is for you to decide.  Thus, under the facts in evidence in this case, if a party failed to do something, which a reasonable nurse or physician would do, or did something, which a reasonable nurse or physician would not do, such party would be negligent.


AUTHORITY: OUJI 3d 9.2 (modified)

**PROPOSED JURY INSTRUCTION NO. ___**

**STANDARD OF CARE – NURSE**

A nurse must possess and exercise that degree of knowledge, skill, care, and diligence that is possessed and exercised by nurses in the same field of practice at that time. It is for you to determine from the evidence what such nurses would, or would not, have done under the same or similar circumstances. A nurse's standard of care is measured by national standards.

AUTHORITY: OUJI 14.1 3d (Rev. 2009) (comments)

## PROPOSED JURY INSTRUCTION NO. ___

## STANDARD OF CARE —PHYSICIAN

In diagnosing the condition of, treating and/or operating upon a patient, a physician must use his best judgment and apply with ordinary care and diligence the knowledge and skill that is possessed and used by members of his profession in good standing engaged in the same field of practice at the time.  A physician's standard of care is measured by national standards.  A physician does not guarantee a cure and is not responsible for the lack of success, unless that lack results from his failure to exercise ordinary care or from his lack of that degree of knowledge and skill possessed by physicians in the same field of practice.


AUTHORITY: OUJI-CIV 14.1

**PROPOSED JURY INSTRUCTION NO. ___**

**PROXIMATE CAUSE—GENERALLY**

Plaintiff must prove that the Defendant's acts were a proximate cause of injuries sustained by Plaintiff. An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the Defendant's acts.

Proximate cause means that there must be a sufficient causal connection between the acts or omissions of the Defendant and any injury or damage sustained by Plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of their acts or omissions. If an injury was a direct or a reasonable probable consequence of Defendant's acts or omissions, it was proximately caused by such act or omission. In other words, if a Defendant's acts or omissions had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the Plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the Defendant. If you find that the Defendants have proved, by a preponderance of the evidence, that the Plaintiff's injuries would have occurred even in absence of the conduct of a Defendant or were caused by Plaintiff's own conduct, you must find that the Defendants did not proximately cause the Plaintiff's injuries.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to

cause an injury.

AUTHORITY: *Modern Federal Practice Jury Instructions*, ¶87.03; 1 L. Sand. et. al. Modern Fed

**PROPOSED JURY INSTRUCTION NO. ___**

**<u>CAUSATION AND DAMAGES</u>**

If you find in favor of Plaintiff, you may award damages only for those injuries which you find that Plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by each Defendant. You must distinguish between, on the one hand, the existence of a violation of Mr. Buchanan's rights and, on the other hand, the existence of injuries naturally resulting from that violation. Thus, even if you find that any Defendant deprived Mr. Buchanan of his constitutional rights, you must ask whether Plaintiff has proven by a preponderance of the evidence the deprivation directly caused the damage he claims he suffered.

AUTHORITY: OUJI 9.6

**PROPOSED JURY INSTRUCTION NO. ___**

<u>**COMPENSATORY DAMAGES**</u>

If you find that the Plaintiff is not entitled to recover from any of the Defendants, you need go no further. Your verdict would be in favor of the Defendants. However, if you find that the Plaintiff is entitled to recover from one or more of the Defendants, you must award damages which you think will justly and fairly compensate for any injury you believe that Mr. Buchanan actually sustained as a direct consequence of that Defendant's conduct. Such damages are called compensatory damages.

You shall award compensatory damages only for those injuries which you find that the Plaintiff has proven by a preponderance of the evidence. Moreover, you shall award compensatory damages only for those injuries which you find the Plaintiff has proven were the direct result of conduct by a Defendant in violation of Mr. Buchanan's Constitutional rights.

A Plaintiff who prevails is entitled to compensatory damages for physical injury, bodily pain and suffering, and mental pain and anguish. Thus, compensatory damages may include damages for Mr. Buchanan's physical injury, mental pain and anguish, and bodily pain and suffering. Placing a dollar value on pain, suffering, and anguish is a difficult task. You must use your best judgment.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial.

AUTHORITY: Based upon jury instructions approved by the court in *Burke v. Glanz,* Case No. 11-CV-0720-JED-PJC (N.D.Okla.) (Dkt. #495).

50

**PROPOSED JURY INSTRUCTION NO. ___**

**<u>SPECULATIVE DAMAGES</u>**

You are not permitted to award speculative damages.  So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.


AUTHORITY: C. Richey, <u>Manual on Employment Discrimination and Civil Rights Actions</u>, § 85.08 (1987).

**PROPOSED JURY INSTRUCTION NO. ___**

**EFFECT OF INSTRUCTIONS AS TO DAMAGES**

The fact I have instructed you as to the measure of damages should not be considered by you as intimating any view of mine as to which side of this litigation is entitled to receive your verdict.  Instructions as to the measure of damages are given for your guidance, as in all such cases, in the event you should find the issue of liability in favor of the Plaintiff on his claims from a preponderance of the evidence.

You are instructed the questions of damages are entirely distinct and different from the question of liability, and you should not consider the question of whether or not the Plaintiff has been damaged until you have first considered and decided the question of whether or not the Defendants are liable.

**PROPOSED JURY INSTRUCTION NO. ___**

**MULTIPLE CLAIMS**

The Plaintiff in this case asserts a separate claim against each Defendant. Each claim by Plaintiff and the evidence presented as to each claim is to be evaluated individually.

AUTHORITY: Federal Civil Jury Instructions of the Seventh Circuit §1.25.

## PROPOSED JURY INSTRUCTION NO. ___

## SEPARATE CONSIDERATION OF EACH DEFENDANT

Each of the Defendants is entitled to your separate and individual consideration of that Defendant's own liability without regard to your decision as to the other Defendant. The fact that a plaintiff proves that one Defendant is liable does not necessarily mean that the other Defendant is also liable. All of the elements applicable to a claim must be proven in order for you to return a verdict against the specific Defendant subject to that claim.

AUTHORITY: Based upon jury instructions approved by the court in *Burke v. Glanz,* Case No. 11-CV-0720-JED-PJC (N.D.Okla.) (Dkt. #495).

## PROPOSED JURY INSTRUCTION NO. ___

### PUNITIVE DAMAGES

If you find for Plaintiff on the Section 1983 claim against any Defendant, you may, but are not required to, assess punitive damages against that Defendant. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to a defendant and others not to engage in similar conduct in the future.

You may award punitive damages only if you find, by a preponderance of the evidence, that Defendant's conduct involved reckless or callous indifference to Plaintiff's rights under the United States Constitution.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either party. In determining the amount of punitive damages, if any, you should consider the following factors:

the reprehensibility of Defendant's conduct;

the impact of Defendant's conduct on Plaintiff;

the relationship between Plaintiff and Defendant; and

the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.


AUTHORITY: Based upon jury instructions approved by the court in *Burke v. Glanz,* Case No. 11-CV-0720-JED-PJC (N.D.Okla.) (Dkt. #495).

**PROPOSED  JURY INSTRUCTION NO. ___**

**DIRECT CAUSE- DEFINITION**

Direct cause means a cause which, in a natural and continuous sequence, produces injury and without which the injury would not have happened. For negligence to be a direct cause it is necessary that some injury to a person in Plaintiff's situation must have been a reasonably foreseeable result of negligence.


AUTHORITY: OUJI 9.6: 3d (Rev. 2009)

**PROPOSED JURY INSTRUCTION NO. ___**

**CONCURRENT CAUSES**

There may be more than one direct cause of an injury. When an injury is the result of the combined negligence of two or more persons, the conduct of each person is a direct cause of the injury regardless of the extent to which each contributes to the injury.

AUTHORITY: OUJI 9.7 3d (Rev. 2009)

## PROPOSED JURY INSTRUCTION NO. ___

## ADVICE CONCERNING COLOR – CODED VERDICT FORMS

Only one of several possible verdicts may be the ultimate conclusion reached by this jury. In order to facilitate your deliberations, the options available to you under the facts of this case are set out on color–coded verdict forms.

The next succeeding instructions will explain the various verdict forms and instruct you under what circumstances each form is applicable.


AUTHORITY: OUJI 9.22 3d (Rev. 2009)

**PROPOSED JURY INSTRUCTION NO. ___**

**PINK VERDICT FORM, FOR MULTIPLE DEFENDANTS – DIRECTIONS**

If you find the occurrence with which this lawsuit is concerned was not directly caused by any negligence or constitutional violation on the part of any of the Defendants or, if you find that Plaintiffs have failed to prove that any of the Defendants were negligent or liable for any constitutional violation, then you shall use the Pink Verdict Form and find in favor of the Defendants.

AUTHORITY: OUJI 9.28 3d (Rev. 2009) (modified)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) JAMES D. BUCHANAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-CV-171-RAW |
| | ) | |
| (1) TURN KEY HEALTH CLINICS, LLC, | ) | |
| (2) ROB FRAZIER, in his official capacity as | ) | |
| Muskogee County Sheriff, | ) | |
| (3) BOARD OF COUNTY COMISSIONERS | ) | |
| OF MUSKOGEE COUNTY, OKLAHOMA, | ) | |
| (4) DR. COOPER, and | ) | |
| (5) KATIE MCCULLAR, LPN | ) | |
| | ) | |
| Defendants. | ) | |

## <u>PINK VERDICT FORM</u>

We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find the issues in favor of Turn Key Health Clinics, LLC.

_____        _____
Foreperson

_____        _____

_____        _____

_____        _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) JAMES D. BUCHANAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-CV-171-RAW |
| | ) | |
| (1) TURN KEY HEALTH CLINICS, LLC, | ) | |
| (2) ROB FRAZIER, in his official capacity as | ) | |
| Muskogee County Sheriff, | ) | |
| (3) BOARD OF COUNTY COMISSIONERS | ) | |
| OF MUSKOGEE COUNTY, OKLAHOMA, | ) | |
| (4) DR. COOPER, and | ) | |
| (5) KATIE MCCULLAR, LPN | ) | |
| | ) | |
| Defendants. | ) | |

## PINK VERDICT FORM

We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find the issues in favor of William Cooper, D.O.

_____
Foreperson

_____          _____

_____          _____

_____          _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) JAMES D. BUCHANAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-CV-171-RAW |
| | ) | |
| (1) TURN KEY HEALTH CLINICS, LLC, | ) | |
| (2) ROB FRAZIER, in his official capacity as | ) | |
| Muskogee County Sheriff, | ) | |
| (3) BOARD OF COUNTY COMISSIONERS | ) | |
| OF MUSKOGEE COUNTY, OKLAHOMA, | ) | |
| (4) DR. COOPER, and | ) | |
| (5) KATIE MCCULLAR, LPN | ) | |
| | ) | |
| Defendants. | ) | |

## PINK VERDICT FORM

We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find the issues in favor of Katie McCullar, R.N.

_____
Foreperson

_____          _____

_____          _____

_____          _____

62

Respectfully submitted,

*Austin J. Young*

_____
SEAN SNIDER, OBA # 22307
AUSTIN J. YOUNG, OBA # 32684
JOHNSON HANAN VOSLER
HAWTHORNE AND SNIDER
9801 N. Broadway Extension
Oklahoma City, OK 73114
Telephone: (405) 232-6100
Facsimile: (405) 232-6105
E-Mail: ssnider@johnsonhanan.com
E-Mail: ayoung@johnsonhanan.com
*Attorney for Defendants Turn Key Health*
*Clinics, LLC, Dr. William Cooper, DO and*
*Katie McCullar, RN*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of October, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing:

| | |
|---|---|
| Daniel E. Smolen | danielsmolen@ssrok.com |
| Bob Blakemore | bobblakemore@ssrok.com |
| Bryon Helm | bryonhelm@ssrok.com |
| Andy A. Artus | czw@czwlaw.com |
| Jordan. L. Miller | jlm@czwlaw.com |

*s/ Austin J. Young*
Austin J. Young