IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) JAMES D. BUCHANAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-CV-171-RAW |
| | ) | |
| (1) TURN KEY HEALTH CLINICS, LLC, | ) | |
| (2) ANDY SIMMONS, in his official capacity as | ) | |
| Muskogee County Sheriff, | ) | |
| (3) BOARD OF COUNTY COMMISSIONERS | ) | |
| OF MUSKOGEE COUNTY, OKLAHOMA, | ) | |
| (4) DR. COOPER, and | ) | |
| (5) KATIE MCCULLAR, LPN | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ANDY SIMMONS, IN HIS OFFICIAL CAPACITY'S,
SECOND SUPPLEMENTAL MOTION IN LIMINE**

Defendant Andy Simmons in his official capacity as Muskogee County Sheriff ("Defendant Simmons") submits this Second Supplemental Motion in Limine. In support thereof, Defendant Simmons states as follows:

On September 11, 2019, pursuant to the Scheduling Order then-in place (Dkt. 117). Defendants Rob Frazier, in his official capacity, and Board of County Commissioners of Muskogee County filed their Motions in Limine/Daubert Motions. (Dkt. 150).[1]

On August 29, 2019, Plaintiff had filed a Motion to Compel Defendant Turn Key Health Clinics, LLC ("Turn Key") to produce certain documents. (Dkt. 130). This Court granted the Motion on September 18, 2019, ordering Defendant Turn Key to respond to Requests for Production No. 42, 43, and 48 for the period 2016-2017. (Dkt. 161). On September 26, 2019,

---

[1] Plaintiff has in the time since conceded the Motion for Summary Judgment filed by Defendant Board. (Dkt. 170). Moreover, the current Sheriff in his official capacity has been automatically substituted as a Defendant. (Dkt. 215).

Turn Key produced to all parties, including both Plaintiff and the undersigned, a set of documents pursuant to this Court Minutes Order. The Court shortly thereafter then struck the Pretrial Conference and Jury Trial, so a Pretrial Order was never submitted. (Dkt. 186).

The documents provided on September 26, 2019 include various internal Turn Key documents, that had not been in the possession of Muskogee County or the undersigned until September 26, 2019 (fifteen days after the Motion in Limine deadline in this case). Notably, included in the documents are various internal Turn Key reports and emails from the entire period of 2016-2017, including some from after November 14, 2016. As this Court may recall, this case concerns James Buchanan's stay in the Muskogee County Jail from the period of November 3-14, 2016. None of the documents directly concern James Buchanan himself.

Plaintiff has 42 U.S.C. § 1983 claims in this lawsuit against Defendant Simmons, alleging violations of Plaintiff's Eighth and/or Fourteenth Amendment rights. However, municipalities can incur liability for their employees' constitutional torts only if those torts resulted from a municipal policy or custom. *Murphy v. City of Tulsa*, 950 F.3d 641, 644 (10th Cir. 2019), *cert. denied sub nom. Murphy v. City of Tulsa, Oklahoma*, 141 S. Ct. 250, 208 L. Ed. 2d 24 (2020). Plaintiff is required to establish that a policy or custom of the Muskogee County Detention Center existed and that it caused the alleged constitutional violations. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 821-22, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985); *see also Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993) (plaintiff must show that there is a direct causal link between the policy or custom and the injury alleged).

> Municipal liability may be based on a formal regulation or policy statement, or it may be based on an informal custom so long as this custom amounts to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law.

*Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189 (10th Cir. 2010) (citations and internal quotation marks omitted).

To the extent any of the emails, reports, or other documents included in the documents produced by Turn Key are dated at any point after November 14, 2016, Defendant Simmons respectfully suggests that the documents inherently do not point to a policy or custom in place prior to or during James Buchanan's incarceration. Rather, they would necessarily be after-the-fact, and thus not relevant to the policy, procedure, or custom in place at the time of James Buchanan's incarceration. Defendant Simmons thus respectfully suggests that any such documents would be inadmissible at trial as irrelevant, overly prejudicial, and confusing to the jury. (See Fed. R. Evid. 401-403). Any internal Turn Key e-mails, reports, or other documents from the period after November 14, 2016 should not be admitted at trial, and all witnesses and counsel should be instructed not to mention them.

Defendant also specifically notes that this Supplemental Motion in Limine could NOT have been filed at the time the original Motions in Limine were due, as the documents at issue had not yet been provided to either Plaintiff or the undersigned. Moreover, the Pre-Trial Order is not due until June 7, 2021, and trial is not set until July 6, 2021. (Dkt. 214). "Motions in Limine exist outside of the Federal Rules of Civil Procedure and Federal Rules of Evidence and serve to enable the court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Cribari v. Allstate Fire & Cas. Ins. Co*, 2019 WL 2436045, at *2 (D. Colo. June 11, 2019). The Court can still rule on this issue well in advance of trial as currently set, and Plaintiff is not prejudiced by the submission of this Supplemental Motion in Limine at this time.

Nevertheless, Pursuant to LCvR 7.1(f), the undersigned has conferred in good faith with Plaintiff's counsel regarding the subject of this Motion. Plaintiff objects to this Motion.

WHEREFORE, Defendant Simmons respectfully requests that any internal Turn Key reports, emails, or other documents from the period after November 14, 2016 should be inadmissible at trial, and that all witnesses and counsel should be instructed not to mention them.

Respectfully submitted,

s/ Jordan L. Miller
Jordan L. Miller, OBA No. 30892
Andy A. Artus, OBA No. 16169
COLLINS, ZORN & WAGNER, P.C.
429 N.E. 50th, Second Floor
Oklahoma City, OK  73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
Email: jlm@czwlaw.com
       aaa@czwlaw.com

*Attorney for Defendant Andy Simmons, in his Official Capacity*

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 7, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Daniel E. Smolen, via electronic mail at: danielsmolen@ssrok.com
Robert M. Blakemore, via electronic mail at: bobblakemore@ssrok.com
Bryon D. Helm, via electronic mail at: bryonhelm@ssrok.com
701 South Cincinnati Avenue
Tulsa, OK 74119

*Attorneys for Plaintiff*

Austin J. Young, via electronic mail at: ayoung@johnsonhanan.com
Sean P. Snider, via electronic mail at: ssnider@johnsonhanan.com
JOHNSON HANAN VOSLER
 HAWTHORNE AND SNIDER
9801 N. Broadway Extension
Oklahoma City, OK 73114

*Attorneys for Turn Key Health*
*Clinics, Inc., Dr. Cooper and*
*Katie McCullar, LPN*

                s/ Jordan L. Miller
                Jordan L. Miller